Gregory J. Bevelock
BEVELOCK & FISHER LLC
14 Main St., Suite 200
Madison, NJ 07940
Tel: (973) 845-2999
Fax: (973) 845-2797
gbevelock@bevelocklaw.com

*Attorneys for Petitioner*
*JSC United Chemical Company Uralchem*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re *Ex Parte* Application of JSC UNITED CHEMICAL COMPANY URALCHEM for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782. | Case No. 20 Misc. _____ |

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Petitioner, JSC United Chemical Company Uralchem ("Uralchem"), respectfully asks this Court to grant the Order attached as Exhibit "A" to the Declaration of Gregory Bevelock, dated April 3, 2020 ("Bevelock Declaration"), which grants Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve TD Bank, National Association, 1100 Lake Street, Ramsey, NJ 07446; TD Bank, NA, 6 Grove Street, Cherry Hill, NJ 08002; TD Bank, NA, 101 Haddonfield Road, Cherry Hill, NJ 08002; TD Bank, NA, 357 Kings Highway N, Cherry Hill, NJ 08034; TD Bank, NA, 1701 Route 70 East, Cherry Hill, NJ 08003; TD Bank, NA, 1506 Berlin Road, Cherry Hill, NJ 08003; TD Bank, NA, 101 Springdale Road, Cherry Hill, NJ 08003; and TD Bank, National Association, 63 W Allendale Ave., Allendale, NJ 07401 (the "New Jersey Banks") with the subpoena attached as Exhibit "B" to the Bevelock Declaration.

The requested relief is necessary for the purpose of obtaining limited, but necessary, discovery in connection with an anticipated proceeding in Russia (the "Foreign Proceeding"). The Foreign Proceeding will be brought by Petitioner in its capacity as a shareholder of Togliattiazot ("TOAZ") against individuals who exercised *de facto* control over TOAZ and, in that capacity, executed a scheme to divert profits from TOAZ's minority shareholders. Based upon the Declaration of Andrey Ermizin, attached as Exhibit "C" to the Bevelock Declaration, and the accompanying Memorandum of Law to this Application, the Court should grant this Application *ex parte*. Although Petitioner requests *ex parte* relief, Petitioner does not request that this matter be sealed by the Court.

The New Jersey Banks are the entities to be subpoenaed for documents, which, as set forth in more detail below and in the accompanying Memorandum of Law, Petitioner seeks for use in the Foreign Proceeding. Petitioner believes that the documents sought will further the Foreign Proceeding by assisting the Petitioner to trace and recover assets due to it from majority shareholders and management of TOAZ and others who profited from the scheme to divert profits from TOAZ shareholders.

A. **Background**

Petitioner Uralchem is a joint-stock company incorporated in Russia that produces ammonium nitrate and nitrogen fertilizers. Ermizin Decl. ¶ 4. In 2008, Uralchem became a minority shareholder in TOAZ, a Russian company that is among the top ammonia producers in the world. *Id.* ¶ 5. Uralchem currently holds approximately 10% of TOAZ shares. *Id.* Mr. Vladimir Makhlai and Mr. Sergei Makhlai have *de facto* control over TOAZ, and, together with their family members and associates, control about 84 % of TOAZ shares through a number of legal entities. *Id.* ¶ 7.

*TOAZ's Below-Market Sales Scheme*

A number of Russian court decisions where TOAZ was held liable for non-payment of taxes have made clear that, for a period of at least five years, majority shareholders and management of TOAZ were diverting profits from TOAZ by selling TOAZ's products to a Swiss trading company, Nitrochem Distribution AG ("Nitrochem"), at artificially low cost. *Id.* ¶ 8. Nitrochem would in turn resell the products at market value. *Id.* As a result of this scheme, profits were accumulated by Nitrochem rather than TOAZ. *Id.*

*Criminal and Tax Proceedings in Russia against TOAZ*

Russian tax authorities found that, through TOAZ's artificially low export prices, TOAZ had unlawfully evaded significant amounts of profit tax owed to the Russian government between 2009 and 2013. *Id.* ¶ 9. TOAZ unsuccessfully sought to challenge these findings in a series of legal proceedings before Russian courts. *Id.* ¶ 10. These courts affirmed the Russian tax authorities' findings and found that, while trading with Nitrochem, TOAZ had diminished its export prices by approximately 9.8 billion RUB (approximately US $150 million). *Id.* ¶ 11. These court proceedings also established that TOAZ and Nitrochem belonged to one group of companies controlled, *inter alia*, by Mr. Vladimir Makhlai and Mr. Sergei Makhlai. *Id.* ¶ 12. Criminal charges for fraud were brought against, *inter alia*, Mr. Sergei Makhlai and Mr. Vladimir Makhlai for their role in this below-market export scheme, and on November 26, 2019, a criminal court in Russia found Mr. Sergei Makhlai and Mr. Vladimir Makhlai, among others, guilty of fraud and dismissed all appeals of this judgment. *Id.* ¶ 13. The court sentenced the defendants to a term of imprisonment and ordered them to compensate the victims of the TOAZ-Nitrochem Scheme for the harm they caused between 2009 and 2012. *Id.* However, as of today, the court-ordered compensation has not been paid. *Id.*

### B. The Foreign Proceeding

Uralchem anticipates commencing legal proceedings in Russia against TOAZ's management and *de facto* management in order to recover damages suffered by Uralchem because of the above-described fraudulent scheme. *Id.* ¶ 14. Uralchem now seeks discovery pursuant to 28 U.S.C. § 1782 for use in that anticipated proceeding. Uralchem plans to commence a civil case under Article 71 of the Russian Law on Joint Stock Companies and Article 53.1 of the Russian Civil Code, which provide that a company's management—including a person having de facto control over a company—may be liable to shareholders for losses caused to the company by them. *Id.* ¶¶ 15, 16.

***Discovery Obtained from UBS Stamford***

For the duration of the above-described scheme, Nitrochem was re-selling the TOAZ products it acquired at artificially low prices to third parties at market rates. *Id.* ¶ 19. Nitrochem often received payment for these products in U.S. dollars. *Id.* Invoices and payment confirmations obtained in the criminal proceedings brought against, *inter alia*, Mr. Sergei Makhlai and Mr. Vladimir Makhlai in Russia show that while these payments were ultimately credited to Nitrochem's Swiss bank account with UBS AG (Switzerland), they passed through a bank account at UBS Stamford. *Id.* ¶ 20. UBS Stamford, therefore, possessed information regarding Nitrochem's U.S. dollar transactions, including as part of the above-described scheme. *Id.* ¶ 20.

On November 22, 2019, the United States District Court for the District of Connecticut granted Uralchem's petition, brought pursuant to 28 U.S.C. § 1782, for subpoenas to obtain discovery of data concerning wire transfers sent or received by Nitrochem that passed through the Stamford bank branch of UBS AG, located at 677 Washington Boulevard, Stamford CT 06902 ("UBS Stamford"). *See In re Ex Parte Application of JSC United Chem. Co. Uralchem*, 19 Civ.

140 (D. Conn. Nov. 22, 2019). The District of Connecticut then granted subsequent requests for subpoenas to two additional UBS-related entities: UBS Financial Services and UBS Group AG. Ermizin Decl. ¶ 20. This discovery was sought to determine to whom the profits from the TOAZ-Nitrochem Scheme were distributed. *Id.*

***Suspicious Transactions Pass Through New Jersey to Lawton Lane Chemical, Inc***.

The discovery produced by UBS Stamford (the "UBS Discovery") revealed a number of highly suspicious transactions involving Lawton Lane Chemical Inc. ("Lawton"), a North Carolina company. *Id.* ¶ 22. Between 2009 and 2013, a total of $12,410,743 was transferred from Nitrochem's bank account to Lawton. *Id.* The funds Nitrochem sent to Lawton were credited to or passed through accounts at the New Jersey Banks. *Id.* ¶ 23. This significant amount of money was sent to Lawton without an obvious business reason, raising concerns about the lawfulness of these transactions. *Id.* ¶ 24. Lawton is a company without a website or any other public profile. *Id.* There is no indication that Lawton is involved in trading with fertilizer companies, such as Nitrochem, or that it conducts any alternative valid commercial business. *Id.*

In addition to the suspicious nature of the Lawton transactions themselves, public filings suggest that Lawton is connected to TOAZ through Mr. Sergei Makhlai, who exercises *de facto* control of TOAZ. *Id.* ¶ 25. For example, public records connect Sergei Makhlai to Lawton through a company called MIC International Trading, Inc. ("MIC"). *Id.* ¶ 26. Sergei Makhlai was the former President of MIC. *Id.* And, in turn, MIC shared the same Secretary/Treasurer as Lawton: Irene Michaels. *Id.* MIC's secretary, Irene Michaels, also has a name and signature that are notably similar to the name and signature of Sergei Makhlai's wife, Irina Makligh. *Id.* In addition,

Lawton's current President, Pat Marchiionda, has the same address as the Principal Office Address of MIC. *Id.* ¶ 27.

Given (i) there were no obvious business reasons for Nitrochem to transfer $12,410,743 to Lawton; (ii) Lawton appears to be a shell company; and (iii) Lawton is apparently connected to Sergei Makhlai, who controls TOAZ (which along with Nitrochem executed the above-described scheme), Uralchem now seeks discovery of certain records related to Lawton's banking transactions located in this district. *Id.* ¶ 28. This discovery will help further identify wrongdoers who benefited from TOAZ's below-market trading with Nitrochem.

### C. The Documents Sought

Petitioner's proposed subpoena contains one document request that seeks the following documents from the New Jersey Banks:

> All Documents, including logs or spreadsheets, concerning all wire transfers between 2009 and the present sent or received by Lawton Lane Chemical Inc., including but not limited to transfers in which you acted as an intermediary bank or a correspondent bank to facilitate an interbank funds transfer.

### D. Petitioner's Application Should Be Granted

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. The New Jersey Banks are located in this district, and the Petitioner, a 10% owner of TOAZ, intends to commence a civil proceeding in Russia to recover profits diverted from TOAZ through Nitrochem and seeks to use the documents sought from the New Jersey Banks in that proceeding. The documents sought from the New Jersey Banks are relevant to identifying the individuals who profited from this unlawful diversion of profits. Moreover, as set forth in the Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte*

application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Accordingly, Petitioner respectfully requests that the Court (a) grant the *Ex Parte* Application for an Order to Conduct Discovery in a Foreign Proceeding; (b) enter the Proposed Order attached to the Bevelock Declaration, as Exhibit "A," (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoena attached to the Bevelock Declaration as Exhibit "B"; and (d) grant any and all other further relief to Petitioner as deemed just and proper.

Dated:  April 3, 2020
       Madison, New Jersey

BEVELOCK & FISHER LLC

*s/ Gregory J. Bevelock*
Gregory J. Bevelock
14 Main Street, Suite 200
Madison, New Jersey 07940
Tel:  973-845-2999

*Attorneys for Petitioner*

Of Counsel:

O. Andrew F. Wilson
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel:  212-763-5000