NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF JSC UNITED CHEMICAL COMPANY URALCHEM for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 | Civil Action No.: 20-3651<br><br>OPINION |

**CECCHI, District Judge.**

This matter comes before the Court on JSC United Chemical Company Uralchem's ("Uralchem") appeal (ECF No. 28) of Chief Magistrate Judge Mark Falk's July 24, 2020 Opinion (the "Opinion") denying Uralchem's application to serve discovery pursuant to 28 U.S.C. §1782 ("Section 1782") (ECF No. 26). Lawton Lane Chemical Inc. ("Lawton") filed a brief in opposition to Uralchem's appeal (ECF No. 31), and Uralchem filed a reply brief in support of its appeal (ECF No. 32). This matter is decided without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, Uralchem's appeal is denied.

**I.      BACKGROUND**

Uralchem is a minority shareholder in Togliattiazot ("TOAZ"), a Russian company that is one of the largest ammonia producers in the world. ECF No. 26 at 2; ECF No. 28-1 at 1. Uralchem contends that TOAZ has been engaged in a fraudulent scheme for many years to avoid sharing profits with its shareholders and decrease its tax liabilities. ECF No. 28-1 at 1. The instant action stems from Uralchem's attempt to follow $12 million transferred from TOAZ to Lawton as Uralchem believes that Lawton is associated with Vladimir and Sergei Makhlai, individuals who also control TOAZ. Id. Uralchem asserts that it will use the information it seeks here in a derivative shareholder action in Russia for the benefit of TOAZ and its shareholders. Id.

1

Uralchem initially commenced this action as an *ex parte* proceeding (ECF No. 1), however Lawton was permitted to intervene (ECF No. 10). Uralchem seeks to serve a document request on TD Bank for Lawton's wire transfers between 2009 and the present. ECF No. 28-1 at 7–8. TD Bank did not oppose the document request (ECF No. 26 at 5), but Lawton filed a brief in opposition to the request (ECF No. 21), to which Uralchem replied (ECF No. 24). Lawton also filed a sur-reply with leave of the Court. ECF No. 25.

The sixteen-page Opinion was issued on July 24, 2020 denying Uralchem's application. ECF No. 26. The Opinion noted that there are four statutory requirements that must be met in order to allow discovery pursuant to Section 1782:

> (1) the person from whom discovery is sought resides in the district;
> (2) the request seeks the "testimony or statement" of a person or the production of a "document or thing";
> (3) the discovery is for use in proceedings before a foreign or international tribunal; and
> (4) the application is made by either a foreign or international tribunal or an interested party

ECF No. 26 at 6 (quoting *In re O'Keeffe*, 646 Fed. Appx. 263, 265–66 (3d Cir. 2016). The Opinion also noted that there are additional discretionary factors, known as the *Intel* factors, that a court should consider only if the statutory requirements are met. Id. The *Intel* factors include:

> (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent Section 1782;
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
> (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; and
> (4) whether the subpoena contains unduly intrusive or burdensome requests.

Id. at 6–7 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

The Opinion held that Uralchem failed to satisfy the third statutory requirement, whether the discovery sought is for use in a reasonably contemplated foreign proceeding, because

Uralchem previously stated that it did not need the information it now requests to prove it claims in a 2019 suit for damages stemming from TOAZ's allegedly fraudulent activities. ECF No. 26 at 9–11. The Opinion also analyzed the *Intel* factors for purposes of completeness, and determined that they also supported denying Uralchem's application. Id. at 14–16.

## II. Legal Standard

The parties dispute the applicable standard of review here, with Uralchem arguing that the Opinion should be reviewed *de novo* (ECF No. 28-1 at 9), and Lawton arguing that this Court must determine whether the Opinion was "clearly erroneous." ECF No. 31 at 16. The Third Circuit has not decided whether Section 1782 motions for discovery are dispositive, but "a majority of out-of-district decisions 'have found that such rulings are not dispositive and therefore subject to review only for clear error.'" *California State Tchrs. Ret. Sys. v. Novo Nordisk, Inc.*, No. 19-16458, 2020 WL 6336199, at *4 (D.N.J. Oct. 29, 2020) (quoting *In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62, 71 (S.D.N.Y. 2019)); *see also In re Application of Quadre Investments, L.P.*, No. 18-118, 2019 WL 1075274 (C.D. Cal. Jan. 7, 2019); *JSC MCC EuroChem v. Chauhan*, No. 17-00005, 2018 WL 3872197, at *1 (M.D. Tenn. Aug. 15, 2018); *In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank, Ltd.*, No. 14-797, 2015 WL 3439103, at *2–3 (D. Nev. May 28, 2015). The Court follows these decisions, and two recent cases from within the District, in applying the clear error standard of review to the Opinion. *See California State Tchrs. Ret. Sys.*, 2020 WL 6336199, at *4 ("Accordingly, it is appropriate to apply the clearly erroneous standard when reviewing a Magistrate Judge's decision on a § 1782 application"); *In re The Application of Kate O'Keeffe for Assistance Before a Foreign Tribunal*, No. 14-5835, 2015 WL 5039723, at *1 (D.N.J. Aug. 26, 2015), *aff'd sub nom. In re O'Keeffe,* 646 F. App'x 263 (3d Cir. 2016).

3

A decision is clearly erroneous "when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (quoting *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990)). A decision is contrary to law when it misinterprets or misapplies the law. *Id.*

### III. DISCUSSION

Uralchem asserts that the Opinion erred in its application of the Section 1782 statutory requirements and discretionary factors, and by denying Uralchem's request for a hearing. ECF No. 28-1 at 1–2. The Court affirms the Opinion, finding no mistake of fact or misapplication of law.[1]

#### a. Section 1782 Statutory Requirements

Uralchem first contends that the Opinion erred at the statutory requirement stage by failing to properly analyze the "for use" statutory requirement by finding that the information sought is not relevant to the derivative shareholder claims, not necessary for Uralchem to prevail on those claims, and may not be admissible in Russian court. Id. at 12–13. The Court finds no error with respect to the Opinion's analysis in this regard. As Uralchem recognizes, the Opinion applied the correct standard to the "for use" requirement, asking whether the materials will be "employed with some advantage or serve some use in the proceeding." ECF No. 26 at 7 (quoting *Mees v. Buiter*, 793 F. 3d 291, 298 (2d Cir. 2015). The Opinion also properly analyzed Uralchem's request under this standard, determining that the materials sought here would not be employed to Uralchem's advantage in a derivative shareholder suit because Uralchem's prior suit was successful without

---

[1] Additionally, the Court notes that even if it were to conduct a *de novo* review of Judge Falk's decision, the result here would be unchanged. The Court has similar concerns as Judge Falk over whether the "for use" statutory requirement is met here, and finds that the discretionary factors, on balance, militate against granting Uralchem's discovery application.

these materials and they may not even be admissible in such a proceeding. ECF No. 26 at 9–10. This holding is entirely consistent with the reasoning employed by other courts examining similar Section 1782 applications. *See Mees*, 793 F. 3d at 298 ("The plain meaning of the phrase 'for use in a proceeding' indicates something that will be employed with some advantage or serve some use in the proceeding); *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 120 (2d Cir. 2015) (internal citations and quotation marks omitted) ("By adopting the phrase 'for use,' Congress plainly meant to require that § 1782 applicants show that the evidence sought is something that will be employed with some advantage . . . . The key question, therefore, is not simply whether the information sought is relevant, but whether the Funds will actually be able to use the information in the proceeding.").[2]

   b. *Intel* **Factors**

Uralchem next argues that the Opinion erred in considering the second, third, and fourth *Intel* factors. ECF No. 28-1 at 16–22.

The second *Intel* factor concerns the nature of the foreign tribunal and receptivity to federal court assistance. *Intel Corp.*, 542 U.S. at 264. The Opinion's analysis of the second *Intel* factor is well-reasoned and properly considered the facts presented by the parties. As the second *Intel* factor directs, the Opinion focused on the character of the potential proceedings in Russia through the lens of other courts that have looked at the treatment of TOAZ in recent Russian proceedings. ECF No. 26 at 13–14 (discussing relevant findings from judges in the United Kingdom and British Virgin Islands). The Opinion also noted the difficulty of analyzing this factor given there is no actual foreign proceeding underway and there is some ambiguity as to where such a proceeding

---

[2] Uralchem's related argument that the Opinion improperly attempted to predict how a Russian Court will rule on evidence in the future is also unpersuasive. ECF No. 28-1 at 13. To the contrary, the Opinion simply recognized that these materials were excluded from a prior proceeding in Russia.

would take place in Russia. Id. at 11–12. Accordingly, the Court finds the Opinion did not err in finding the second *Intel* factor weighed against granting Uralchem's request.

The third *Intel* factor examines whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. The Opinion held that this factor weighed against granting Uralchem's discovery request as "Petitioner's delay in waiting to pursue this information until the 2019 Proceeding has concluded . . . raises concerns about the interests of justice in authorizing the discovery now." ECF No. 26 at 15. Uralchem claims that the 2019 proceeding does not support a finding that it is attempting to circumvent proof-gathering restrictions because it was a different proceeding with different claims (ECF No. 28-1 at 21). However, the Opinion noted that there is, at the very least, a tension between the exclusion of these materials in the earlier proceeding and the attempt to obtain these materials now that has not been adequately explained by Uralchem at this time (ECF No. 26 at 15). The Court, therefore, agrees that the third *Intel* factor supports denial of Section 1782 discovery here.

Finally, the fourth *Intel* factor considers whether the discovery request is unduly burdensome or intrusive. *Intel Corp.*, 542 U.S. at 265. The Opinion placed little weight on this factor, but noted that the request has not been shown to be proportional and that "the production could be unreasonably intrusive, especially given its apparent negligible importance to any new Russian proceeding." ECF No. 26 at 16. This Court agrees.[3]

### c. Evidentiary Hearing

Uralchem's final appeal argument is that the failure to hold an evidentiary hearing below was improper. ECF No. 28-1 at 23. Uralchem acknowledges, however, that "the decision to hold

---

[3] The Court also notes that in its brief in opposition to the present appeal, Lawton expressed a willingness to engage with Uralchem to discuss production of a subset of the requested materials. ECF No. 31 at 30.

an evidentiary hearing is within the discretion of the court." Id.  The Court finds no error in the decision to consider this matter on the papers, and finds the Opinion contains a thorough analysis of the parties' arguments, exhibits, affidavits, and other supporting materials.  The Court does note, however, that on appeal Uralchem has indicated that it is prepared to submit additional evidence in support of its application that was not considered previously. ECF No. 28-1 at 30 (stating that Uralchem is willing to submit additional evidence as to five pertinent points).  For this reason, the Court's denial of the appeal is without prejudice as to Uralchem's ability to submit a new application that is supported by additional relevant evidence.

IV. **CONCLUSION**

For the reasons set forth above, the Court **DENIES** Uralchem's appeal without prejudice (ECF No. 28) and affirms Judge Falk's Opinion (ECF No. 26).  To the extent Uralchem has additional evidence that it wishes to submit in support of its requested relief, Uralchem is directed to file an amended application within thirty (30) days.  An appropriate Order accompanies this Opinion.

**DATE:** June 29, 2021.

**CLAIRE C. CECCHI, U.S.D.J.**

7