IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Ex Parte Application of JSC UNITED CHEMICAL COMPANY URALCHEM for an Order to Conduct Discovery for Use in Foreign Proceedings. Pursuant to 28 U.S.C. § 1782. | Case No. 20 Civ. 3651<br><br>Oral Argument Requested |

**PETITIONER'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS AMENDED APPLICATION**

BEVELOCK & FISHER LLC
Gregory J. Bevelock
14 Main Street, Suite 200
Madison, New Jersey 07940
Tel: 973-845-2999

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
O. Andrew F. Wilson (*pro hac vice*)
600 Fifth Avenue, 10th Floor
New York, NY 10020

LINKLATERS LLP
Adam S. Lurie
601 Thirteenth Street NW, Suite 400 South
Washington, D.C. 20005
*Attorneys for Petitioner*

## **TABLE OF CONTENTS**

**PAGE NO.**

LIMITED DISCOVERY FOR USE IN IRELAND ................................................... 1

    I.   THE IRISH PROCEEDINGS SATISFY § 1782 ....................................... 3

        A.  The Irish Amendment Is Timely, Not Prejudicial, and Filing It Here Avoids Wasting Judicial Resources ...................................................... 3

        B.  The Irish Amendment is Within the Scope of the Court's Leave ......... 6

    II.  THE RUSSIAN PROCEEDINGS ARE MOOT ........................................ 8

CONCLUSION ............................................................................................................ 9

## **TABLE OF AUTHORITIES**

**PAGE NO.**

### **Cases**

*Aventis Pharma v. Wyeth*, No. M-19-70, 2009 WL 3754191
    (S.D.N.Y. Nov. 9, 2009) ................................................................................. 5 n.3

*Burke v. Port Auth. of New York & New Jersey*, 2013 WL 12166341
    (D.N.J. Mar. 15, 2013) .................................................................................... 5 n.4

*In re Gorsoan Ltd.*, No. 17 Civ.-5912, 2020 WL 3172777
    (S.D.N.Y. June 15, 2020) ..................................................................................... 2

*In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62 (S.D.N.Y. 2019) ......................... 4

*Mangouras v. Squire Patton Boggs*, 980 F.3d 88 (2d Cir. 2020) ........................ 5 n.3

*M+J Savitt, Inc. v. Savitt*, No. 08 CIV. 8535 (DLC), 2009 WL 691278
    (S.D.N.Y. Mar. 17, 2009) ....................................................................................... 6

*Ortiz v. City of New York*, No. 19 Civ. 7887 (ER), 2021 WL 3009079
    (S.D.N.Y. July 13, 2021) ...................................................................................... 6

*Thomas v. Martin-Gibbons*, No. 19 Civ. 7695 (ER), 2020 WL 5026884
    (S.D.N.Y. Aug. 25, 2020) ................................................................................ 6 n.5

### **Statutes & Rules**

28 U.S.C. § 1782 ............................................................................................. *passim*

Fed. R. Civ. P. 1 ..................................................................................................5 n.4

## LIMITED DISCOVERY FOR USE IN IRELAND

The now-limited application of Petitioner JSC United Chemical Company Uralchem ("Uralchem") to obtain documents to defend proceedings in Ireland should be granted because it satisfies both § 1782's statutory and discretionary requirements. Uralchem's original application—to use these same records in Russian proceedings relating to PJSC Togliattiazot ("Toaz")—has been superseded by a recent change in control of Toaz and is now moot.

Two years after intervening, Lawton Lane Chemical Inc. ("Lawton") continues to vigorously oppose Petitioner's efforts to obtain records from TD Bank that could show Lawton's involvement in a scheme to divert profits from Toaz's shareholders to a company called Nitrochem. In the face of Uralchem's amended request to use these documents in Irish proceedings brought by Lawton allies *against* Uralchem, Lawton's ongoing obstructions are revealed for what they are: empty efforts to hide its role in a fraud.

Lawton still does not deny its involvement in the Toaz-Nitrochem Scheme or its connections to its convicted perpetrators. Lawton all but confirms its involvement with the use of expert reports and affirmations from the Irish Plaintiffs. *See* Villazor Decl., Ex. 2, 3, 4. Lawton's obstructionist gambit should end: the Irish Court should be permitted to consider this dispute with a complete record.

1

This Court need not, and should not, take up Lawton's premature request to determine the contested question of whether Lawton assisted the persons who controlled Toaz to defraud Uralchem of shareholder profits, or whether Uralchem colluded with Russian officials to fabricate these allegations to take control of Toaz. Lawton's argument against discovery is tautological: Lawton argues because the 2019 Proceedings were unjustified, Uralchem should not be allowed to obtain evidence the 2019 Proceedings were justified. Such circular, merits arguments are improper at this stage. "[U]ltimate fact-finding responsibilities are vested in the hands of the [foreign] court." *In re Gorsoan Ltd.*, No. 17 Civ.-5912, 2020 WL 3172777, at *5 (S.D.N.Y. June 15, 2020). "[T]he only issue before the district court is discovery; the underlying litigation rests before a foreign tribunal." *Id.* (alteration in original). And that tribunal should have access to the TD Bank records that Uralchem seeks here.

Uralchem's Irish application is appropriate; its Russian application is moot. Uralchem initially brought this proceeding with the intent to commence proceedings in Russia derivatively on behalf of Toaz. But as Toaz's majority shareholder has now changed, Uralchem need not bring the Russian proceedings as Toaz can commence them on its own. Uralchem's limited request to obtain documents to defend itself in the Irish proceedings brought by Lawton's allies meets § 1782's statutory requirements (as Lawton concedes) and (contrary to

2

Lawton's only arguments) it is both timely and within the scope of the Court's leave for amendment.

I.     **THE IRISH PROCEEDINGS SATISFY § 1782**

The Amended Application satisfies Section 1782's statutory requirements and the discretionary factors favor granting discovery for use in the Irish Proceedings. Lawton Opp. at 26-28. As Lawton admits, almost identical § 1782 discovery—wire transfers related to the Nitrochem-Toaz Scheme—has already been used in those proceedings without objection. *Id.* at 11; *see also* Uralchem Op. Br. at 10-11. Unable to challenge the subpoena on statutory grounds or the *Intel* factors, Lawton suggests the Court should "exercise its considerable discretion to deny discovery," Lawton Opp. at 27, because the request to use documents in Ireland should have been made sooner, or in another § 1782 application. Both arguments fail.

A.    **The Irish Amendment Is Timely, Not Prejudicial, and Filing It Here Avoids Wasting Judicial Resources**

Uralchem's application to use documents in aid of the Irish proceeding is timely: it amended its application to add the Irish Proceedings within two months of learning that the Irish court would consider that case on the merits. *See* Dkt. 37. Until July 2021, Uralchem was fighting against, and awaiting judgment on, jurisdiction in those proceedings. *See* Uralchem Op. Br. at 10; Lawton Opp. Br. at 11; Dkt. 49-4 ¶ 10(a). Lawton's claim that Uralchem should have moved for this

3

discovery in its original application—filed on April 3, 2020—to oppose an injunction motion in the Irish Proceedings makes no sense.[1]

There was no reasonable window when Uralchem could have amended its application to add the Irish Proceedings to address the injunction motion. The Irish Plaintiffs filed their anti-enforcement injunction on July 15, 2020, three months *after* Uralchem commenced this proceeding and a year *before* this Court denied it without prejudice to amend, on June 29, 2021, Dkt. 33, 34. [2]

Regardless of the timing, Uralchem's decision to add the Irish Proceedings when it was clear (subject to any appeal) they would continue to the merits phase is consistent with § 1782's statutory requirements. And there is no prejudice to Lawton or the object of this application, TD Bank. Unlike *In re Hulley Enterprises Ltd.*, Lawton's basis for this argument, no party need "attempt to reconstruct events from the distant past" because of the amendment. 400 F. Supp. 3d 62, 73 (S.D.N.Y. 2019). The subpoena seeks the same wire records as in the original

---

[1] Lawton's suggestion that Uralchem "presented merits-based arguments in the Irish case at least as early as July 2020," (Uralchem Br. at 11) is wrong. Declaration of Vladimir Melnikov, dated March 4, 2022 ("Melnikov II"), ¶ 5. Uralchem's evidence in opposition to the Irish Plaintiffs' injunction application was not filed until October 2020. *Id.* And it was not until January 2022 that the Irish Plaintiffs amended their Statement of Claim to include allegations relating to the 2019 Russian proceedings. *Id.* ¶ 8.

[2] The Lawton-aligned Irish Plaintiffs first introduced the Connecticut Discovery in the Irish Proceedings in support of their injunction application; Uralchem's summarizing affidavit was in response. Dkt. 37-3 (Breen Decl.) ¶¶ 15-16.

4

application, which TD Bank has been aware of (and has not opposed) since April 2020, *see* Dkt. 9.³

Lawton does not dispute, because it cannot do so, that Uralchem could file a new and separate § 1782 application regarding the Irish Proceedings. Thus, if this Court incorrectly accepts Lawton's assertion that the Court should exclude the Irish Proceedings here, Uralchem could refile the same request as a new application. However, multiplying §1782 applications in this manner serves no purpose, would result in piecemeal litigation about overlapping issues further prejudicing Uralchem with more delay, and would waste judicial resources.⁴

---

³ Lawton's other cases are inapposite. In *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020), the Second Circuit held that entering final judgment was appropriate where the district court was under no affirmative obligation to keep the case open to facilitate use of the documents in future proceedings not raised before the district court. And in *Aventis Pharma v. Wyeth*, No. M-19-70, 2009 WL 3754191, at *1 (S.D.N.Y. Nov. 9, 2009), the court found a §1782 application an attempt to circumvent foreign proof gathering restrictions where the foreign court had jurisdictional reach over the documents but the applicant had not sought them for five years. Neither situation applies here where, rather than issuing final judgment, the Court invited an Amended Application and the Irish court does not have jurisdiction over records in New Jersey.

⁴ Fed. R. Civ. P. 1. (Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Burke v. Port Auth. of New York & New Jersey*, No. Civ. 11-6853, 2013 WL 12166341, at *2 n.3 (D.N.J. Mar. 15, 2013) (relying on Rule 1 as "particularly instructive" to reject defendant's claim that plaintiff should be required to file a second, separate, complaint "based on the same facts, in a single action, where there is only one plaintiff" because this would not "advance" Rule 1's "instruction.").

## B.   The Irish Amendment is Within the Scope of the Court's Leave

Adding the Irish Proceedings is within the scope of the Court's rulings, consistent with the original application, and promotes efficiency.

The June 29, 2021 Order ("Order") did not foreclose the addition of a new proceeding. It permitted Uralchem to "file an amended Section 1782 application," Dkt. 34, and the accompanying Opinion explained that the "denial of the appeal is without prejudice as to Uralchem's ability to submit a new application that is supported by additional relevant evidence," Dkt. 33 at 7. While the Court noted Uralchem's proffer of additional evidence as to "five pertinent points," nothing in the Opinion or Order limited Uralchem's amended application to those points and there is no basis to read them so narrowly. This is in stark contrast to the cases relied upon by Lawton, where courts rejected or narrowed amendments that went beyond explicit court restrictions. *See Ortiz v. City of New York*, No. 19 Civ. 7887 (ER), 2021 WL 3009079, at *2 (S.D.N.Y. July 13, 2021) (amended complaint contrary to order to "file a second amended complaint, but *only* regarding … events related to [plaintiff's] detention at Rikers");[5] *M+J Savitt, Inc. v. Savitt*, No. 08 CIV. 8535 (DLC), 2009 WL 691278, at *1 (S.D.N.Y. Mar. 17, 2009) (amended

---

[5] The quoted language is from the court's prior opinion. *Thomas v. Martin-Gibbons*, No. 19 Civ. 7695 (ER), 2020 WL 5026884, at *12 (S.D.N.Y. Aug. 25, 2020), *appeal dismissed sub nom. Ortiz v. Wilson-Haynes,* No. 20-3338, 2021 WL 1327221 (2d Cir. Feb. 1, 2021) (emphasis supplied).

6

complaint beyond permitted amendments "to address whether the defects the Court noted in the pleading as to demand and demand futility could be cured").

Here, the addition of the Irish Proceedings does not expand the scope of the original application because it seeks the same documents. Now that the Irish Proceedings are moving into the merits phase, these same materials will be crucial for Uralchem's defense. They are expected to help trace the profits diverted from Toaz through Nitrochem and subsequently through Lawton on to the eventual beneficiaries of this scheme. This in turn will help Uralchem prove that the Toaz-Nitrochem Scheme existed, a central element of its defense in the Irish Proceedings. If, for example, the requested discovery reveals that funds transferred from Nitrochem to Lawton were subsequently transferred to one of the Criminal Defendants, it would provide powerful rebuttal evidence against the Irish Plaintiffs' claims that the 2019 Proceedings against the Criminal Defendants, for their role in the Nitrochem-Toaz Scheme, were baseless. *See* Breen Decl. ¶ 18.

Finally, as discussed above, even if the Irish Proceedings were excluded, Uralchem could refile the same request as a new application. This again would be prejudicial to Uralchem and would improperly burden the Court, whereas Lawton faces no such prejudice in having the Irish Proceedings' request adjudicated efficiently here.

7

## II.     THE RUSSIAN PROCEEDINGS ARE MOOT

Uralchem's original basis for this application—the use of the TD Bank records in contemplated shareholder derivative action in Russia—has been overcome by recent events.

Originally, Uralchem intended to commence Russian proceedings to expose the role of persons connected with Sergei Makhlai in the Toaz-Nitrochem Scheme. Dkt. 1-1. Uralchem needed to bring these proceedings as a shareholder of Toaz because Toaz was controlled by Sergei Makhlai. That has changed.

The majority shareholding in Toaz formerly held by the Irish Plaintiffs was sold at two public auctions on February 8 and 18, 2022. A company named JSC Khimaktivinvest, which is in the same group as Uralchem, purchased the shares and thus became Toaz's majority shareholder. Given that Toaz is no longer controlled by Sergei Makhlai, Toaz can now sue in its own interests.

Accordingly, because Uralchem will no longer be the party pursuing this matter in Russia, Uralchem is no longer seeking these materials for such purpose.

Nonetheless, in the interests of completeness, Uralchem submits herewith the Declaration of Vladimir Melnikov, the Head of the Dispute Resolution Practice of the Moscow office of Linklaters CIS. Mr. Melnikov's Declaration documents the series of misstatements in Lawton's opposition papers. *See* Melnikov II, ¶¶ 9-

23. None of these disputes, however, has any bearing on Uralchem's application to obtain bank records to defend itself in the Irish Proceedings.

## CONCLUSION

As the Amended Application satisfies the statutory and discretionary factors to obtain documents for use in Ireland under 28 U.S.C. § 1782, Petitioner's application should be granted.

Date:  March 4, 2022
        Madison, New Jersey

BEVELOCK & FISHER LLC

*s/ Gregory J. Bevelock*
Gregory J. Bevelock
14 Main Street, Suite 200
Madison, New Jersey 07940
Tel: 973-845-2999
*Attorneys for Petitioner*

Of Counsel:

O. Andrew F. Wilson
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020

Adam S. Lurie
Linklaters LLP
601 Thirteenth Street NW, Suite 400 South
Washington, D.C. 20005